## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN RAINMONDI, on behalf of himself and all others similarly situated, | Civil Case No.: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION; TRELLIS COMPANY; CONDUENT, INC. d/b/a CONDUENT EDUCATION SERVICES and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, JOHN RAINMONDI, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, EDUCATIONAL CREDIT MANAGEMENT CORPORATION ("ECMC"), TRELLIS COMPANY ("TRELLIS"), CONDUENT, INC. d/b/a CONDUENT EDUCATION SERVICES ("CONDUENT") and JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

### PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. § 1391(b) because jurisdiction is not founded solely on diversity of citizenship and at least one of the Plaintiffs resides in this jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person, resides in Lumberton, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      ECMC has an office at 111 Washington Avenue South, Suite 1400, Minneapolis, Minnesota 55401.

8.      TRELLIS has an office at 301 Sundance Parkway, Round Rock, Texas 78681.

9.      CONDUENT has an office at 100 Campus Drive, Suite 200, Florham Park, New Jersey 07932

10.     John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were harmed by the Defendant's conduct in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers for whom Defendant(s) failed to communicate to any person that a disputed debt was disputed in violation of the FDCPA, 15 U.S.C. § 1692 *et seq.* as set forth herein and all New Jersey consumers for whom Defendant(s) sent communications as described herein.

  The class definition may be subsequently modified or refined.  The Class period begins one year to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were harmed by the Defendant's conduct in violation of the FDCPA. Plaintiff is complaining about a standard conduct;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

a.  Whether the Defendants violated various provisions of the FDCPA including but not limited to:

15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(2)(B); 1692e(6); 1692e(8); 1692e(10); 1692e(12); 1692f(1); 1692g(a) et seq. and 1692j.

b.  Whether Plaintiff and the Class have been injured by the Defendant's conduct;

c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.   Plaintiff is, at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.   Upon information and belief, Defendants use any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts and/or regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16.   Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

17.   Sometime prior to February 28, 2017, Plaintiff allegedly incurred financial obligations  ("OBLIGATION") for which ECMC reported information to one or more credit reporting bureaus.

18.    The basis of the OBLIGATION was for student loans secured through 1 or more promissory notes on or about March 22, 1989.

19.    The OBLIGATION arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20.    Plaintiff incurred the OBLIGATION by obtaining goods and services which were primarily for personal, family and household purposes.

21.    Plaintiff did not incur the OBLIGATION for business purposes.

22.    The OBLIGATION is a "debt" as defined by 15 U.S.C. § 1692a(5).

23.    At some time prior to February 28, 2017, the OBLIGATION was placed with ECMC for the purpose of collection.

24.    At the time the OBLIGATION was placed with ECMC for the purpose of collection, the balance was past due.

25.    At the time the OBLIGATION was placed with ECMC for the purpose of collection, the obligation was in default.

26.    Plaintiff caused to be delivered to Defendant 2 letters dated February 28, 2017, which were addressed to Defendant.    **Exhibit A,** which are fully incorporated herein by reference.

27.    The February 28, 2017 letters were sent to Defendant in connection with the collection of the OBLIGATION.

28.    The February 28, 2017 letters which were sent to the Defendant state in part:

RE:    JOHN D. and AMY RAINMONDI
         Original Creditor: Chemical Bank

Please be advised that I dispute the above debt.

RE:    JOHN D. and AMY RAINMONDI
            Original Creditor: East River Savings Bank

Please be advised that I dispute the above debt.

29.     After the date of the dispute, Defendant knew or should have known that the credit information concerning the OBLIGATION would be communicated to creditors and other persons.

30.     The credit information communicated to these creditors and other persons did not indicate that the OBLIGATION was disputed.

31.     The credit information communicated to these creditors and other persons concerning the OBLIGATION was false.

32.     On October 22, 2017, Plaintiff filed a lawsuit against ECMC alleging certain violations of the FDCPA.

33.     Plaintiff caused to be delivered to ECMC a letter dated December 7, 2017, which again disputed the OBLIGATION.  **Exhibit B,** which is fully incorporated herein by reference.

34.     By letter dated December 13, 2017, ECMC communicated directly with Plaintiff.

35.     The December 13, 2017 ECMC letter was the first written communication from ECMC to Plaintiff and purported to be a "Validation of Debt".

36.     The December 13, 2017 ECMC letter attached certain documents for Plaintiff's review: a loan summary, the promissory notes that were the basis of the OBLIGATION and transaction histories for the OBLIGATION. **Exhibits C, D and E,** which are fully incorporated herein by reference.

37.     According to the promissory notes provided by ECMC, the loans were guaranteed by the New York State Higher Education Services Corporation ("NYSHESC").

38.     According to the promissory notes provided by ECMC, in the event of default of the OBLIGATION, the lender would request that NYSHESC purchase the OBLIGATION.

39.     According to information provided by one or more Defendant, the OBLIGATION went into default on October 6, 2012.

40.     According to the promissory notes provided by ECMC, Plaintiff agreed to pay in the event of default, reasonable attorney's fees plus costs and other charges necessary to collect any amount not paid when due.

41.     According to the loan summary provided by ECMC, the original guarantor of the OBLIGATION was Educational Credit Management Corporation <u>and not</u> NYSHESC.

42.     According to the transaction histories provided by ECMC, collection costs were added to OBLIGATION in the amounts of $743.74 and $819.07 on January 13, 2017.

43.     Thereafter, Plaintiff received a letter dated January 25, 2018 from CONDUENT purporting to be a "Validation of Debt" in connection with the OBLIGATION.  **Exhibit F,** which is fully incorporated herein by reference.

44.     The January 25, 2018 CONDUENT letter was the first written communication from CONDUENT to Plaintiff.

45.     The January 25, 2018 CONDUENT letter stated in part that:

> Conduent Education Services ("Conduent") is the servicer of your loan, not a debt collector.

> Once your loan(s) has been declared in default, your account(s) will be turned over to a debt collection agency for collection.

> On October 6, 2012, your loan defaulted and was transferred to Trellis Company for servicing. Please direct all future inquiries to Trellis at 1-888-221-3262.

46.     Thereafter, Plaintiff received a letter dated January 31, 2018 from CONDUENT purporting to be a "Validation of Debt" in connection with the OBLIGATION.  **Exhibit G,** which is fully incorporated herein by reference.

47.     The January 31, 2018 CONDUENT letter stated in part that:

> Conduent Education Services ("Conduent") is the servicer of your loan, not a debt collector.
>
> Once your loan(s) has been declared in default, your account(s) will be turned over to a debt collection agency for collection.
>
> On October 6, 2012, your loan defaulted and was transferred to ECMC for servicing. Please direct all future inquiries to ECMC at 1-888-221-3262.

48.     The January 31, 2018 CONDUENT letter purported to enclose the "loan application and promissory note" which had been previously been provided by ECMC.

49.     As the OBLIGATION defaulted on October 6, 2012, any subsequent collection activity by any entity other than the creditor is subject to the provisions of the FDCPA.

### COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*  VIOLATIONS

50.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

51.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

52.     Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with Plaintiff and others similarly situated.

53.    By improperly adding collection costs to the balance of the OBLIGATION, Defendants made a false representation of the character and amount of the OBLIGATION in violation of 15 U.S.C. § 1692e(2)(A).

54.    By improperly adding collection costs to the balance of the OBLIGATION, Defendants made a false representation of any compensation which may be lawfully received by any debt collector for collection of a debt in violation of 15 U.S.C. § 1692e(2)(B).

55.    By representing that Defendants were not debt collectors but instead servicers of the OBLIGATION, Defendants falsely represented or implied that the sale, referral or other transfer of any interest in the OBLIGATION would cause Plaintiff to lose any claim or defense to payment of the OBLIGATION or become subject to any practice prohibited by the FDCPA in violation of 15 U.S.C. §§ 1692e(6)(A) & (B).

56.    By failing to communicate that the OBLIGATION was disputed to one or more of the credit reporting bureaus, Defendants engaged in a false, deceptive or misleading representation or means in connection with the collection of the debt.

57.    Section 1692e(8) of the FDCPA prohibits a debt collector from failing to communicate to any person that a disputed debt is disputed.

58.    Defendants violated 15 U.S.C. § 1692e(8) of the FDCPA by failing to communicate to any person that the OBLIGATION was disputed.

59.    Defendants violated 15 U.S.C. § 1692e(8) of the FDCPA by failing to communicate to one or more of the credit reporting bureaus that the OBLIGATION was disputed.

60.     By representing that Defendants were not debt collectors but instead servicers of the OBLIGATION, Defendants used or distributed a written communication which created a false impression as to its source, authorization or approval in violation of 15 U.S.C. § 1692e(9).

61.     Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

62.     By failing to communicate that the OBLIGATION was disputed, Defendant engaged in a false representation or deceptive means to collect or attempt to collect the debt.

63.     By representing that Defendants were not debt collectors but instead servicers of the OBLIGATION, Defendants falsely represented or implied that accounts were turned over to innocent purchasers for value in violation of 15 U.S.C. § 1692e(12).

64.     Defendants violated 15 U.S.C. §§ 1692f and 1692f(1) by adding and attempting to collect collection fees when said fees were not expressly authorized by the agreement creating the OBLIGATION or permitted by law.

65.     Section 1692g(a) et seq. of the FDCPA provides as follows:

(a) Notice of Debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

1. the amount of the debt;

2. the name of the creditor to whom the debt is owed;

3.   a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

4.   a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5.   a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

66.   The December 13, 2017 ECMC letter does not effectively state the amount of the debt, fails to provide the name of the creditor to whom the debt is owed and fails to provide the notices required by said section.

67.   ECMC did not provide a written communication within five days after the December 13, 2017 letter which conveyed the information and notices required by 15 U.S.C. § 1692g(a) 1 through 5.

68.   The January 25, 2018 CONDUENT letter does not effectively state the amount of the debt, fails to provide the name of the creditor to whom the debt is owed and fails to provide the notices required by said section.

69.   CONDUENT did not provide a written communication within five days after the January 25, 2018 letter which conveyed the information and notices required by 15 U.S.C. § 1692g(a) 1 through 5.

70.     The January 31, 2018 CONDUENT letter does not effectively state the amount of the debt, fails to provide the name of the creditor to whom the debt is owed and fails to provide the notices required by said section.

71.     CONDUENT did not provide a written communication within five days after the January 31, 2018 letter which conveyed the information and notices required by 15 U.S.C. § 1692g(a) 1 through 5.

72.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

73.     Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

74.     Plaintiff and others similarly situated have a right to have the Defendant abide by its obligations under the FDCPA and those specifically found at 15 U.S.C. § 1692e(8).

75.     Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

76.     Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

77.     Defendant's failure to act as described herein caused harm to the credit of Plaintiff and others similarly situated.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the undersigned attorney(s), as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)      Awarding pre-judgment interest;

(e)      Awarding post-judgment interest.

(f)      Awarding Plaintiff costs of this Action, including reasonable attorneys'

fees and expenses; and

(g)      Awarding Plaintiff and the Class such other and further relief as the Court

may deem just and proper.

Dated: March 18, 2018

> _s/ Joseph K. Jones_
> Joseph K. Jones, Esq. (JJ5509)
> JONES, WOLF & KAPASI, LLC
> 375 Passaic Avenue, Suite 100
> Fairfield, New Jersey 07004
> (973) 227-5900 telephone
> (973) 244-0019 facsimile
> jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

> _s/ Joseph K. Jones_
> Joseph K. Jones, Esq.

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: March 13, 2018

<u>*s/ Joseph K. Jones*</u>
Joseph K. Jones, Esq.

# Exhibit

# A

*JOHN D. and AMY E. RAINMONDI*



February 28, 2017

**VIA FACSIMILE ONLY to (877) 645-7479 – One Page**

ECMC
111 Washington Avenue South
Suite 1400
Minneapolis, MN  55401-2108

  RE: JOHN D. and AMY E. RAINMONDI
    Original Creditor:  East River Savings Bank

Dear Sir or Madam,

  Please be advised that I dispute the above debt. I also request verification of same. The verification should include proof of the balance you claim is due, which should include a breakdown of that balance.

  Lastly, you are notified to cease all further attempts to reach me via any telephone number you may have.  Any such authorization that you believe you have is hereby revoked. All further communications shall be in writing only.

    Very truly yours,

    *John D. and Amy E. Rainmondi*

*JOHN D. and AMY E. RAINMONDI*



February 28, 2017

**VIA FACSIMILE ONLY to (877) 645-7479 – One Page**

ECMC
111 Washington Avenue South
Suite 1400
Minneapolis, MN  55401-2108

      RE:    JOHN D. and AMY E. RAINMONDI
               Original Creditor:  Chemical Bank

Dear Sir or Madam,

      Please be advised that I dispute the above debt. I also request verification of same. The verification should include proof of the balance you claim is due, which should include a breakdown of that balance.

      Lastly, you are notified to cease all further attempts to reach me via any telephone number you may have.  Any such authorization that you believe you have is hereby revoked. All further communications shall be in writing only.

      Very truly yours,

*John D. and Amy E. Rainmondi*

# Exhibit

# B

# SRFAX

## Fax Transmission Details

| | |
|---|---|
| Transmission Result: | **Sent** |
| Sender: | ████████████████████ |
| Time Sent: | **Dec 07/17 10:03 AM** |
| To Fax#: | **1 877-645-7479** |
| Recipient Name: | |
| Pages Sent: | **1** |
| Remote ID: | ████████████ |
| Duration: | **20** |
| Reason for Failure: | |
| Account Code: | **76334** |

JOHN RAINMONDI

████████████████

December 7, 2017

VIA FAX  8776457479

ECMC
101 E. 5ᵗ St., Suite 2400
St. Paul, MN 55101

    RE: John Rainmondi
        Creditor: Chemical Bank, E. River Savings Bank
        Alleged Amount Due: $4233 $3844

Dear Sir or Madam:

    Please be advised that I dispute the above debt. I also request verification of same. The verification should include proof of the balance you claim is due, which should include a breakdown of that balance.

    Lastly, you are notified to cease all further attempts to reach me via any telephone number you may have.  Any such authorization that you believe you have is hereby revoked. All further communications shall be in writing only.

    Sincerely yours,

    *John Rainmondi*

JOHN RAINMONDI

███████████

December 7, 2017

VIA FAX  8776457479

ECMC
101 E. 5th St., Suite 2400
St. Paul, MN 55101

RE: John Rainmondi
Creditor: Chemical Bank, E. River Savings Bank
Alleged Amount Due: $4233 $3844

Dear Sir or Madam:

Please be advised that I dispute the above debt. I also request verification of same. The verification should include proof of the balance you claim is due, which should include a breakdown of that balance.

Lastly, you are notified to cease all further attempts to reach me via any telephone number you may have.  Any such authorization that you believe you have is hereby revoked. All further communications shall be in writing only.

Sincerely yours,

*John Rainmondi*

# Exhibit

# C

# ECMC

PO Box 64909, St. Paul, MN 55164-0909   P 651-221-0566   www.ecmc.org

December 13, 2017

John Raimondi

RE: Validation of Debt
ACCOUNT / LOANS: ████DS2 / 01, 02
BALANCE: $8,184.53

Dear Mr. Raimondi:

Educational Credit Management Corporation (ECMC) is in receipt of your letter dated December 7, 2017, requesting validation of the ECMC-related loans appearing on your consumer credit report.

Enclosed please find the following documents:

- A loan summary listing the disbursement dates and amounts, and the date the default claim was paid for the loans ECMC is reporting.
- The promissory notes that are the basis of the loans.
- A complete transaction history for each loan showing all activity on your loans since the date of transfer. Please note the difference in the final Running Total and the Total Balance of each loan is due to interest accrual from the last posted interest date to the date this letter was sent. Also note, according to U.S. Department of Education regulations (34 C.F.R. § 682.404(f)), any payment received must be applied first to outstanding costs, second to incidental charges, then to accrued interest and any remainder to principal.

Pursuant to the Fair Credit Reporting Act, this letter provides the results of our investigation of your dispute. We have determined that our credit reporting for the above-referenced loans is accurate or we have updated the information with the national consumer reporting agencies (aka credit bureaus) to make it accurate. Be advised, federal law requires defaulted student loans be reported to the national consumer reporting agencies for seven years from the date of delinquency. *See* 15 U.S.C. § 1681c(a)(4) and 34 C.F.R. § 682.410(b)(5). Our records indicate your first date of delinquency was September 28, 2011. ECMC has requested the national consumer reporting agencies update the status of this tradeline to "Disputed." ECMC is not responsible for and has no control over whether or how long it takes for the national consumer reporting agencies to update your consumer credit report.

# Exhibit

# D

Person Id [redacted]    SSN xxx-xx-8317    Borrower JOHN RAIMONDI

Date of Birth xx/xx/1970    Date Printed 12/13/2017

ECMC

## Projected Balance as of 12/12/2017

| LN | Principal Balance | Interest Balance | Fees Balance | Prior Collection Costs | Collection Costs | Total Balance | Interest Rate | Interest Rate Type | Per Diem |
|----|------|------|------|------|------|------|------|------|------|
| 01 | $2,945.55 | $524.00 | $0.00 | $0.00 | $819.07 | $4,289.52 | 4.23% | Variable | |
| 02 | $2,674.64 | $476.63 | $0.00 | $0.00 | $743.74 | $3,895.01 | 4.23% | Variable | |
| | $5,620.19 | $1,001.53 | $0.00 | $0.00 | $1,562.81 | $8,184.53 | | | 0.6509 |

## Loan Details

| LN | Loan Type | Sum Disb Amt | First Disb Dt | Guarantee Dt | Claim Type | Claim Paid Date | Claim Paid Amt | Curr Plc Agcy | Loan Status | Coll Status |
|----|------|------|------|------|------|------|------|------|------|------|
| 01 | Stafford_Sub | $2,625.00 | 11/21/1988 | 08/11/1988 | Default | 10/04/2012 | $2,945.55 | ECMC MN | DF | Place |
| 02 | Stafford_Sub | $2,500.00 | 07/21/1989 | 07/06/1989 | Default | 10/04/2012 | $2,674.64 | ECMC MN | DF | Place |
| | | $5,125.00 | | | | | | | | |

## Loan Histories

| LN | Transfer Dt | Transferring Agency | Current Lender | Current Servicer | Original Guarantor | Original Lender | Original School |
|----|------|------|------|------|------|------|------|
| 01 | N/A | N/A | CHASE-JPMORGAN CHASE BANK N.A. | ACS AFFILIATED COMP SERV | EDUCATIONAL CREDIT MANAGEMENT CORPORATION | CHEMICAL BANK C/O GERRI | SUBURBAN TECHNICAL SCHOOL |
| 02 | N/A | N/A | CHASE-JPMORGAN CHASE BANK N.A. | ACS AFFILIATED COMP SERV | EDUCATIONAL CREDIT MANAGEMENT CORPORATION | E RIVER SVNGS BNK DIV OF | SUBURBAN TECHNICAL SCHOOL |

### Collection Transaction History Report

Borrower Id [REDACTED]     SSN xxx-xx-8317     Name JOHN RAIMONDI     Loan # 02

| | |
|---|---|
| Prin Balance | $2,674.64 |
| Int Balance | $476.63 |
| Fee Balance | $0.00 |
| Prior Coll Costs | $0.00 |
| Collection Costs | $743.74 |
| Total Balance | $3,895.01 |

| | |
|---|---|
| Loan Type | SF-Subsidized Federal Stafford loan |
| Interest Rate | 4.23 |
| Rate Type | VARIABLE |
| Int Posted Dt | 11/28/2017 |

| Activity Date | Posted Date | Batch Type | Tran Code | Src | Trans Amt | Principal | Interest | Fees Costs | Running Total |
|---|---|---|---|---|---|---|---|---|---|
| 10/04/2012 | 10/04/2012 | | AC - Account Creation | S - System | 2674.64 | 2674.64 | 0.00 | 0.00 | 2674.64 |
| 12/06/2012 | 12/07/2012 | | PI - Post Interest | S - System | 15.41 | 0.00 | 15.41 | 0.00 | 2690.05 |
| 12/07/2012 | 12/07/2012 | | CT - Collection Costs Added | S - System | 654.76 | 0.00 | 0.00 | 654.76 | 3344.81 |
| 12/07/2012 | 01/21/2013 | | CT1 - Collection Costs Reduction | S - System | -654.76 | 0.00 | 0.00 | -654.76 | 2690.05 |
| 01/17/2013 | 01/21/2013 | | PI - Post Interest | S - System | 10.27 | 0.00 | 10.27 | 0.00 | 2700.32 |
| 01/18/2013 | 01/21/2013 | | CT - Collection Costs Added | S - System | 657.26 | 0.00 | 0.00 | 657.26 | 3357.58 |
| 06/30/2013 | 06/30/2013 | | PI - Post Interest | S - System | 40.11 | 0.00 | 40.11 | 0.00 | 3397.69 |
| 01/18/2013 | 01/19/2014 | | CT1 - Collection Costs Reduction | S - System | -657.26 | 0.00 | 0.00 | -657.26 | 2740.43 |
| 01/16/2014 | 01/19/2014 | | PI - Post Interest | S - System | 48.33 | 0.00 | 48.33 | 0.00 | 2788.76 |
| 01/17/2014 | 01/19/2014 | | CT - Collection Costs Added | S - System | 678.78 | 0.00 | 0.00 | 678.78 | 3467.54 |
| 06/30/2014 | 07/01/2014 | | PI - Post Interest | S - System | 39.87 | 0.00 | 39.87 | 0.00 | 3507.41 |
| 01/17/2014 | 01/15/2015 | | CT1 - Collection Costs Reduction | S - System | -678.78 | 0.00 | 0.00 | -678.78 | 2828.63 |
| 01/15/2015 | 01/15/2015 | | PI - Post Interest | S - System | 47.80 | 0.00 | 47.80 | 0.00 | 2876.43 |
| 01/16/2015 | 01/15/2015 | | CT - Collection Costs Added | S - System | 700.12 | 0.00 | 0.00 | 700.12 | 3576.55 |
| 06/30/2015 | 07/01/2015 | | PI - Post Interest | S - System | -39.87 | 0.00 | 39.87 | 0.00 | 3616.42 |
| 01/15/2015 | 01/15/2016 | | CT1 - Collection Costs Reduction | S - System | -700.12 | 0.00 | 0.00 | -700.12 | 2916.30 |
| 01/14/2016 | 01/15/2016 | | PI - Post Interest | S - System | 47.41 | 0.00 | 47.41 | 0.00 | 2963.71 |
| 01/15/2016 | 01/15/2016 | | CT - Collection Costs Added | S - System | 721.37 | 0.00 | 0.00 | 721.37 | 3685.08 |
| 06/30/2016 | 07/03/2016 | | PI - Post Interest | S - System | 40.23 | 0.00 | 40.23 | 0.00 | 3725.31 |
| 01/15/2016 | 01/15/2017 | | CT1 - Collection Costs Reduction | S - System | -721.37 | 0.00 | 0.00 | -721.37 | 3003.94 |
| 01/12/2017 | 01/15/2017 | | PI - Post Interest | S - System | 51.67 | 0.00 | 51.67 | 0.00 | 3055.61 |
| 01/13/2017 | 01/15/2017 | | CT - Collection Costs Added | S - System | 743.74 | 0.00 | 0.00 | 743.74 | 3799.35 |
| 06/30/2017 | 07/01/2017 | | PI - Post Interest | S - System | 44.55 | 0.00 | 44.55 | 0.00 | 3843.90 |
| 06/02/2017 | 06/03/2017 | | PI - Post Interest | S - System | 10.22 | 0.00 | 10.22 | 0.00 | 3854.12 |
| 11/28/2017 | 11/29/2017 | | PI - Post Interest | S - System | 36.55 | 0.00 | 36.55 | 0.00 | 3890.67 |

## Collection Transaction History Report

Borrower Id          SSN xxx-xx-8317     Name JOHN RAIMONDI     Loan # 01

| | |
|---|---|
| Prin Balance | $2,945.55 |
| Int Balance | $524.90 |
| Fee Balance | $0.00 |
| Prior Coll Costs | $0.00 |
| Collection Costs | $819.07 |
| Total Balance | $4,289.52 |

| | |
|---|---|
| Loan Type | SF-Subsidized Federal Stafford loan |
| Interest Rate | 4.23 |
| Rate Type | VARIABLE |
| Int Posted Dt | 11/28/2017 |

| Activity Date | Posted Date | Batch Type | Tran Code | Src | Trans Amt | Principal | Interest | Fees Costs | Running Total |
|---|---|---|---|---|---|---|---|---|---|
| 10/04/2012 | 10/04/2012 | | AC - Account Creation | S - System | 2945.55 | 2945.55 | 0.00 | 0.00 | 2945.55 |
| 12/09/2012 | 12/07/2012 | | PI - Post Interest | S - System | 16.97 | 0.00 | 16.97 | 0.00 | 2962.52 |
| 12/07/2012 | 12/07/2012 | | CT - Collection Costs Added | S - System | 721.08 | 0.00 | 0.00 | 721.08 | 3683.60 |
| 12/07/2012 | 01/21/2013 | | CT1 - Collection Costs Reduction | S - System | -721.08 | 0.00 | 0.00 | -721.08 | 2962.52 |
| 01/17/2013 | 01/21/2013 | | PI - Post Interest | S - System | 11.31 | 0.00 | 11.31 | 0.00 | 2973.83 |
| 01/15/2013 | 01/21/2013 | | CT - Collection Costs Added | S - System | 723.83 | 0.00 | 0.00 | 723.83 | 3697.66 |
| 06/30/2013 | 06/30/2013 | | PI - Post Interest | S - System | 44.17 | 0.00 | 44.17 | 0.00 | 3741.83 |
| 01/15/2013 | 01/19/2014 | | CT1 - Collection Costs Reduction | S - System | -723.83 | 0.00 | 0.00 | -723.83 | 3018.00 |
| 01/15/2014 | 01/19/2014 | | PI - Post Interest | S - System | 53.23 | 0.00 | 53.23 | 0.00 | 3071.23 |
| 01/17/2014 | 01/19/2014 | | CT - Collection Costs Added | S - System | 747.54 | 0.00 | 0.00 | 747.54 | 3818.77 |
| 06/30/2014 | 07/01/2014 | | PI - Post Interest | S - System | 43.91 | 0.00 | 43.91 | 0.00 | 3862.68 |
| 01/17/2014 | 01/15/2015 | | CT1 - Collection Costs Reduction | S - System | -747.54 | 0.00 | 0.00 | -747.54 | 3115.14 |
| 01/15/2015 | 01/15/2015 | | PI - Post Interest | S - System | 52.64 | 0.00 | 52.64 | 0.00 | 3167.78 |
| 01/15/2015 | 01/15/2015 | | CT - Collection Costs Added | S - System | 771.04 | 0.00 | 0.00 | 771.04 | 3938.82 |
| 06/30/2015 | 07/01/2015 | | PI - Post Interest | S - System | 43.91 | 0.00 | 43.91 | 0.00 | 3982.73 |
| 01/15/2015 | 01/15/2016 | | CT1 - Collection Costs Reduction | S - System | -771.04 | 0.00 | 0.00 | -771.04 | 3211.69 |
| 01/14/2016 | 01/15/2016 | | PI - Post Interest | S - System | 52.21 | 0.00 | 52.21 | 0.00 | 3263.90 |
| 01/15/2016 | 01/15/2016 | | CT - Collection Costs Added | S - System | 794.43 | 0.00 | 0.00 | 794.43 | 4058.33 |
| 06/30/2016 | 07/03/2016 | | PI - Post Interest | S - System | 44.30 | 0.00 | 44.30 | 0.00 | 4102.63 |
| 01/15/2016 | 01/15/2017 | | CT1 - Collection Costs Reduction | S - System | -794.43 | 0.00 | 0.00 | -794.43 | 3308.20 |
| 01/12/2017 | 01/15/2017 | | PI - Post Interest | S - System | 56.90 | 0.00 | 56.90 | 0.00 | 3365.10 |
| 01/13/2017 | 01/15/2017 | | CT - Collection Costs Added | S - System | 819.07 | 0.00 | 0.00 | 819.07 | 4184.17 |
| 06/30/2017 | 07/01/2017 | | PI - Post Interest | S - System | 49.06 | 0.00 | 49.06 | 0.00 | 4233.23 |
| 08/02/2017 | 08/03/2017 | | PI - Post Interest | S - System | 11.26 | 0.00 | 11.26 | 0.00 | 4244.49 |
| 11/28/2017 | 11/29/2017 | | PI - Post Interest | S - System | 40.25 | 0.00 | 40.25 | 0.00 | 4284.74 |

Confidential

12/13/2017

# Exhibit

# E

From:

APPLICATION

...is Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the U.S. Criminal Code and Lf

**TO BE COMPLETED BY STUDENT   IMPORTANT TURN OVER AND READ IN.**

| 1 Social Security Number | ● HESC USE ONLY | 2 | Area Code/Phone Number | 4 US Citizenship Status |
| --- | --- | --- | --- | --- |

3 Have you been a legal resident of NYS for 12 months immediately prior to the beginning of the academic period of this loan?    ☑ YES  2 ☐ NO

- Alien Registration Number

| 7 Name (Last) | (First) | (MI) |
| --- | --- | --- |
| RAImond; | John | |

8 Are You Applying For (Check One)  GSL AND SLS/ALAS  GSL ONLY  SLS/ALAS ONLY

6 Permanent Home Address

City          State          Zip Code

10 REQUESTED LOAN AMOUNT  $ 2,500.—

STUDENT LOAN    APR-06 1989

11 Do you currently have a student loan guaranteed by New York State? (NYHEAC or NYSHESC)    ☑ Yes  2 ☐ No

12 Have you received a Guaranteed Student Loan or SLS (ALAS) Loan from another State or Agency?   1 ☐ Yes  ☒ No   If the answer is yes complete these boxes   If the answer is no proceed to item 13

| Name of State or Agency | Amount borrowed from other State or Agency during this academic period | Total Amount owed | Interest Rate |
| --- | --- | --- | --- |
| GSL | | | |
| SLS (ALAS) | | | |

13 Lender Name & Address

**REFERENCES—(REFERENCES MUST RESIDE IN THE UNITED STATES) SEE INSTRUCTIONS**

| 14 Name (Nearest Living Adult Relative) | Rosemarie Raimondi | 15 Name (Nearest Living Adult Relative Not Residing At Address Shown At 14) | Dottie Puzzi |
| --- | --- | --- | --- |
| Address | | Address | |
| State | | State | |
| Relationship to Applicant | Mother | Relationship to Applicant | Aunt |
| Employer | | Employer | Telephone No. |

**Promissory Note for a Student Loan Guaranteed by NYSHESC**

I Promise to Pay   I, the undersigned borrower, promise to pay to the lending institution, indicated above  or to the holder(s) of this note when repayment becomes due as set forth in Paragraph II, all sums advanced to me or for my credit under this contract (hereinafter 'loan' or loans'), plus interest as set forth in Paragraph III and any other charges which may become due as provided in Paragraph VI If I fail to pay any of these amounts when they are due I will pay all charges and other costs including the fees of an outside attorney and court costs that are permitted by Federal law and regulations for the collection of this loan, which the holder(s) incur in collecting this loan (See Paragraphs II, III, VI on the other side )

Advances against this note granted hereunder will be made only upon my application and at such times and in such amounts as is authorized by law. Upon approval of each loan advance I will be provided with a disclosure notice containing the amount then advanced, the total advanced to date, the interest rate, and other relevant terms  My signature certifies that I have read, understood and agree to the conditions and authorizations in the "Borrower Certification" printed on the reverse side

18 [Signature] Student Borrower Signature    3/22/89  Date

**NOTICE TO STUDENT**  Terms of the Promissory Note continue on the reverse side.

**TO BE COMPLETED BY SCHOOL**

18 NYSHESC 7430000

19 NAME OF SCHOOL  SUBURBAN TECHNICAL SCHOOL  ADDRESS Street  175 FULTON AVENUE  State  HEMPSTEAD, N.Y. 11550

20 ANTICIPATED DATE OF PROGRAM COMPLETION  Month  Year  8-89

21 NYSHESC School Code  1 ☐ YES  2 ☒ NO

22 CLASS YEAR (Check One) Undergraduate or equivalent (516) 481-6660 Professional

23 ACADEMIC PERIOD OF LOAN (Use Numbers)  Month  Year  From  1 89  To  8 89

| 24 Adjusted Gross Income | 25 Estimated Cost of Attendance for Loan Period | 26 Estimated Financial Aid for Loan Period | 27 Expected Family Contribution | 28 Enrollment Status |
| --- | --- | --- | --- | --- |
| $ 12,722 | $ 3724 | $ 0 | $ 700. | ☒ Full ☐ Not |

29 [Signature]  SIGNATURE OF AUTHORIZED SCHOOL OFFICIAL   30 ELENA BERKOVITS  FINANCIAL AID OFFICER

31 DATE  Mo 3  Day 22  Yr 89

**TO BE COMPLETED BY LENDER**

NYSHESC LENDER CODE  068200

NYSHESC Lender APPROVES  $ 2,500.00

33 LENDER NAME, ADDRESS AND TELEPHONE NUMBER  East River Savings Bank  277 North Avenue  New Rochelle, NY 10801   18

34 SIGNATURE OF AUTHORIZED LENDING OFFICIAL  Esther Soto  PRINT OR TYPE NAME AND TITLE  Esther Soto  SUPERVISOR  Date  6-23-89

From:                                                                          03/13/2017 11:12      #358 P.004/005

...WASHINGTON AVENUE, ALBANY, NEW YORK 12255

33 47554   8/12                          8   7811·VI

**COMPLETED BY STUDENT   IMPORTANT TURN OVER AND READ INSTRUCTIONS CAREFULLY BEFORE COMPLETING   PRINT CAREFULLY**

| | |
|---|---|
| 2. Birth date | 3 Area Code/Phone Number |
| Mo   Day   Yr | |

4. US Citizenship Status — ☒ Citizen ☐ Eligible Non-citizen

Alien Registration Number

Also you been a legal resident of NYS for 12 months immediately prior to the beginning of a academic period of the loan?   ☐ YES ☒ NO

Period Covered by this loan: From 09 88 to 04 89

Are You Applying For (Check One)   ☐ GSL ONLY   ☐ GSL AND SLS(ALAS)   ☐ SLS(ALAS) ONLY

7 Name (Last) **Raimondi**   (First) **John**   (M.I.) **D**

8 Permanent Home Address   Number and Street

**RECEIVED**
**AUG 10 1988**
**STUDENT LOAN OPERATIONS**

City _____ State _____ Zip Code

10 REQUESTED LOAN AMOUNT   $ 2625

11 Do you currently have a student loan guaranteed by New York State? (NYHEAC or NYSHESC)   ☐ Yes ☒ No

12 Have you received a Guaranteed Student Loan or SLS (ALAS) Loan from another State or Agency?   ☐ Yes ☒ No
If the answer is yes complete these boxes   GSL ☐   SLS (ALAS) ☐
If the answer is no proceed to item 13

Name of State or Agency | Amount Owed from other State of Agency during this academic period | Total Amount owed | Interest Rate

13 Lender Name & Address

**REFERENCES — (REFERENCES MUST RESIDE IN THE UNITED STATES) SEE INSTRUCTIONS**

Nearest Living Adult Relative

14 Name **Rosemarie Raimondi**
Address _____
State _____
Relationship _____

Nearest Living Adult Relative Not Residing at Address in Item 14

15 Name **Diana Puzziferi**
Address _____
State _____
Relationship **Un Employed**   Telephone No _____

**Promissory Note for a Student Loan Guaranteed by NYSHESC**

I, Promise to Pay   I, the undersigned borrower, promise to pay to the lending institution, indicated above, or to the holder(s) of this note when repayment becomes due as set forth in Paragraph III all sums advanced to me or for my credit under this contract (hereinafter loan or loans) plus interest as set forth in Paragraph VI and any other charges which may become due as provided in Paragraph VI if I fail to pay any of these amounts when they are due, I will pay all charges and other costs including the fees of an outside attorney and court costs that are permitted by Federal law and regulations for the collection of this loan, which the holder(s) incur in collecting this loan (See Paragraphs II, III VI on the other side)

Advances against this note granted hereunder are made only upon my application and at such times and in such amounts as authorized by law. Upon approval of each loan advance I will be provided with a disclosure notice containing the amount then advanced, the total advanced to date, the interest rate and other relevant terms. My signature certifies that I have read, understand and agree to the conditions and authorizations in the "Borrower Certification" printed on the reverse side.

16 _____   7-27-88

**NOTICE TO STUDENT.**
Terms of the Promissory Note continue on the reverse side.

**TO BE COMPLETED BY SCHOOL**

18 NYSHESC SCHOOL CODE **74300000**

19 NAME OF SCHOOL **SUBURBAN TECHNICAL SCHOOL, INC.**
ADDRESS Street **175 FULTON AVENUE**
City/State **HEMPSTEAD, N.Y. 11550** no No.

20 ANTICIPATED DATE OF PROGRAM COMPLETION   Month **09** Year **89**

21 SLS ELIGIBLE   ☐ YES ☒ NO

22 CLASS YEAR (Check only one)   Undergraduate or equivalent   ☒ 1 ☐ 2 ☐ 3 ☐ 4 ☐ 5   Graduate or Professional ☐ 6 ☐ 7 ☐ 8 ☐ 9
(516) 481-6600

23 ACADEMIC PERIOD OF LOAN (Use Numbers)   Month Year   From **09 88**   To **04 89**

24 Adjusted Gross Income   $ **12722**

25 Estimated Cost of Attendance for Loan Period   $ **9310**

26 Estimated Financial Aid for Loan Period   $ **2550**

27 Expected Family Contribution   $ **700**

28 Enrollment Status   ☒ Full Time   ☐ Half Time

29 SIGNATURE OF AUTHORIZED SCHOOL OFFICIAL _____   PRINT OR TYPE NAME AND TITLE **ANNETTE REYES PhD**

31 DATE   Mo **08**   Day **03**   Yr **88**

**TO BE COMPLETED BY LENDER**

32 NYSHESC LENDER CODE

33 LENDER NAME ADDRESS AND TELEPHONE NUMBER
**CHEMICAL BANK**
**300 JERICHO QUADRANGLE, 1st FLOOR**
**JERICHO, NY 11753**

34 SIGNATURE OF AUTHORIZED LENDING OFFICIAL   **Wendy Jordin**
**Wendy Gordon - Asst Vice Pres**
PRINT OR TYPE NAME AND TITLE
Date **031295**

35 AMOUNT LENDER APPROVES   $ **2625**

☐0 ☐1 ☐2 ☐3 ☐4 ☐5 ☐6 ☐7 ☐8 ☐9

# Exhibit

# F



PO Box 7051
Utica, NY 13504-7051
www.conduenteducation.com

January 25, 2018

John Raimondi

[REDACTED]

Re: Validation of Debt

Account Number: [REDACTED]

Dear John Raimondi,

We have received material that was forwarded to us to validate your debt. The Higher Education Act of 1965, as amended, governs how schools, lenders, servicers and guarantors administer the various federal student financial assistance programs.

Conduent Education Services ("Conduent") is the servicer of your loan, not a debt collector. By signing your loan application and promissory note, you agreed to the terms set forth in that note by your lender. You are obligated to repay the aforementioned student loan(s) in accordance with its terms. Once your loan(s) has been declared in default, your account(s) will be turned over to a debt collection agency for collection.

When collecting payments under the Federal Family Education Loan Program, Conduent, as the loan servicer, observes the "due diligence" requirements of federal regulations regardless of any contrary provision that might exist in the Fair Debt Collection Practice Act or under state law. This is intended to avoid a potential violation of such "due diligence" requirements that might jeopardize the loan guaranty if Conduent were to discontinue contacts with the borrower under such circumstances.

Conduent notifies you once again that the materials you have submitted to Conduent are not legally valid to discharge, settle, close or in any way affect your student loan obligations. By signing your loan application and promissory note, you agreed to the terms set forth in that note by your lender.

CES is currently working to obtain a copy of your signed agreement.

On October 6, 2012, your loan defaulted and was transferred to Trellis Company for servicing. Please direct all future inquiries to Trellis at 1-888-221-3262.

Sincerely,

Resolution Management Group
Conduent Education Services

# Exhibit

# G

 **CONDUENT**

PO Box 7051
Utica, NY 13504-7051
www.conduenteducation.com

January 31, 2018

John Raimondi



Re: Validation of Debt
Account Number: 47-1

Dear John Raimondi,

We have received material that was forwarded to us to validate your debt. The Higher Education Act of 1965, as amended, governs how schools, lenders, servicers and guarantors administer the various federal student financial assistance programs.

Conduent Education Services ("Conduent") is the servicer of your loan, not a debt collector. By signing your loan application and promissory note, you agreed to the terms set forth in that note by your lender. You are obligated to repay the aforementioned student loan(s) in accordance with its terms. Once your loan(s) has been declared in default, your account(s) will be turned over to a debt collection agency for collection.

When collecting payments under the Federal Family Education Loan Program, Conduent, as the loan servicer, observes the "due diligence" requirements of federal regulations regardless of any contrary provision that might exist in the Fair Debt Collection Practice Act or under state law. This is intended to avoid a potential violation of such "due diligence" requirements that might jeopardize the loan guaranty if Conduent were to discontinue contacts with the borrower under such circumstances.

Conduent notifies you once again that the materials you have submitted to Conduent are not legally valid to discharge, settle, close or in any way affect your student loan obligations. By signing your loan application and promissory note (enclosed), you agreed to the terms set forth in that note by your lender.

On October 6, 2012, your loan defaulted and was transferred to ECMC for servicing.    Please direct all future inquiries to ECMC at 1-888-221-3262.

Sincerely,

Resolution Management Group
Conduent Education Services

From:

03/13/2017   11:10

**APPLICATION**

Any person who knowingly makes a false statement or misrepresentation on this form or submits false names may include fines or imprisonment under the U.S. Criminal Code and U.S.

## TO BE COMPLETED BY STUDENT — IMPORTANT TURN OVER AND READ IN...

2 Birth   Mo Day Yr     3 Area Code/Phone Number

4 U.S. Citizenship Status
- 1 Citizen
- 2 Eligible Non-citizen

Alien Registration Number

5 Have you been a legal resident in NYS for 12 months immediately prior to the beginning of the academic period of this loan?
- 1 YES  2 NO

7 Name (Last) RAIMONDI (First) JOHN (M.I.)

9 Permanent Home Address

City ___ State ___

8 Are You Applying For (Check One)
- 1 STUDENT LOAN
- 2 GSL AND SLS (ABBO)
- 3 SLS (ALAS) ONLY

10 REQUESTED LOAN AMOUNT
$ 2,500.—

11 Do you currently have a student loan guaranteed by New York State? (NYHEAC or NYSHESC)

12 Have you received a Guaranteed Student Loan or SLS (ALAS) Loan from another State or Agency?
- 1 Yes  2 ☒ No

If the answer is yes, complete these boxes.   GSL   If the answer is no, proceed to item 13.   SLS (ALAS)

Check One: 1 Yes  2 No

Name of State or Agency | Amount borrowed from other State or Agency during this academic period | Total Amount owed | Interest Rate

13 Lender Name & Address

## REFERENCES — (REFERENCES MUST RESIDE IN THE UNITED STATES) SEE INSTRUCTIONS

14 Name ROSEMARIE RAIMONDI
Address
State
Relationship
Employer

15 Name
Address
State
Relationship
Employer

## Promissory Note for a Student Loan Guaranteed by NYSHESC

I Promise to Pay. I, the undersigned borrower, promise to pay to the lending institution, indicated above or to the holder(s) of this note when repayment becomes due as set forth in Paragraph II, all sums advanced to me or for my credit under this contract (hereinafter 'loan' or 'loans'), plus interest as set forth in Paragraph III and any other charges which may become due as provided in Paragraph VI. If I fail to pay any of these amounts when they are due I will pay all charges and other costs including the fees of an outside attorney and court costs that are permitted by Federal law and regulations for the collection of this loan, which the holder(s) incur in collecting this loan (See Paragraphs II, III, VI on the other side).

Advances against this note granted hereunder will be made only upon my application and at such times and in such amounts as authorized by law. Upon approval of each loan advance I will be provided with a disclosure notice containing the amount then advanced, the total advanced to date, the interest rate, and other relevant terms. My signature certifies that I have read, understand and agree to the conditions and authorizations in the "Borrower Certification" printed on the reverse side.

16 ___ • 17   3/22/89   Date

NOTICE TO STUDENT:
Terms of the Promissory Note continue on the reverse side.

## TO BE COMPLETED BY SCHOOL

18 NYSHESC School Code   **7430000**

19 NAME OF SCHOOL SUBURBAN TECHNICAL SCHOOL
ADDRESS Street 175 FULTON AVENUE
State HEMPSTEAD, N.Y. 11550 Phone No.

20 ANTICIPATED DATE OF PROGRAM COMPLETION   Month Year   89

21 NYSHESC School Code
- 1 YES  2 ☒ NO

22 CLASS YEAR (Check One)
Undergraduate or equivalent 1 2 ☒ 3 4 5 (516) 481-6660 Professional 1 2 3 4 5

23 ACADEMIC PERIOD OF LOAN (Use Numbers) Month Year   From 1 89 To 9 89

24 Adjusted Gross Income $ 12,722

25 Estimated Cost of Attendance for Loan Period $ 3724

26 Estimated Financial Aid for Loan Period $ —0—

27 Expected Family Contribution $ 700

28 Enrollment Status
- 1 ☒ Full Time  2 Half Time

29 SIGNATURE OF AUTHORIZED SCHOOL OFFICIAL

30 ELENA BERKOVITS
PRINT OR TYPE NAME AND TITLE   FINANCIAL AID OFFICER

31 DATE   Mo 3 Day 22 Yr 89

## TO BE COMPLETED BY LENDER

32 NYSHESC Lender Code   **068200**

NYSHESC Lender approves $ 2,500.00
- 1 2 3 4 5 6 7 8 9

33 LENDER NAME, ADDRESS AND TELEPHONE NUMBER
East River Savings Bank
277 North Avenue
New Rochelle, NY 10801   18

34 SIGNATURE OF AUTHORIZED LENDING OFFICIAL
Esther Soto
PRINT OR TYPE NAME AND TITLE SUPERVISOR
Date 6-23-89

## ADDITIONAL TERMS OF THE PROMISSORY NOTE FOR A STUDENT LOAN GUARANTEED BY NYSHESC

**II DATE NOTE COMES DUE** I will repay this loan 1) in periodic installments during a prayer orial period that will be longer than the end of any grace period on a GSL or named ilaty on an SLS loan (formerly ALAS). SLS loans will not be eligible for a grace period or 2) in full immediately if I fail to enroll and attend the school which certified my application for the academic period intended, 3) immediately in full, if this loan was made or guaranteed in error or for advance upon a false statement. My grace period on a GSL is that period of time which begins when either I leave school or stop carrying at least one-half the school approved by the United States Department of Education at least one-half the normal full time academic work load governed by either school. The Notice of Loan Guarantee and Disclosure Statement sent recently the length of my grace period if any. During the grace period I may request that the grace period be shortened and the repayment period begin earlier.

**III. INTEREST** I agree to pay interest at the rate established by law on the unpaid principal balance from the day you advance the loan until paid in full, with the understanding that you will not attempt to collect from me any interest payable on my behalf by the state or federal governments. The loan disclosure statement which will be sent to me upon loan approval will identify the rate of interest and whether the government will pay any of it for me. I understand that this application may be used for both GSL and SLS loans, that the interest terms for such loans are different, and are determined according to the following rules established by law 1) GSL. If I have GSL loans currently outstanding, the interest rate will be the same as on my outstanding GSL loans (7% 8%, or 9%). If I have no GSL loans outstanding, the interest rate on this loan will be 8%. If I have no GSL loans outstanding and this loan is made for a period of enrollment beginning on or after July 1, 1988, the interest will increase from 8% to 10% after the fourth year of the repayment period. 2) SLS (formerly ALAS). The interest rate on the SLS loan will vary annually on July 1, but in no event will the rate exceed twelve percent. At the option of the lender either the amount of the monthly payment or the length of the repayment period will be adjusted in order to reflect changes in the interest rate in subsequent years.

I will pay interest as part of my regular monthly payment, or quarterly or by capitalization during the period I of deferred periods if the government does not pay it for me. Capitalization means adding interest which is due to principal. If the government pays the interest while I am in school then it will also pay the interest during periods of deferment described under paragraph VIII of this note.

**IV ORIGINATION AND INSURANCE FEES** I will pay you an origination fee on a GSL as authorized by federal law not to exceed the amount identified on the Notice of Loan Guarantee and Disclosure Statement. I will pay to the lender an amount equal to the fee that the lender is required to pay to the guarantee agency to obtain insurance coverage on this loan. If the lender does not withhold this premium from the principal amount of the loan and I have not already paid the premium I will pay the premium when the lender bills me separately for it. The origination fee and the insurance premium may both be deducted from the proceeds of my loan. In the event of a multiple disbursement the insurance premium will be deducted proportionately.

**V. DEFAULT** Default occurs when I fail to make an installment payment when due, or to meet other terms of the Application and Promissory Note, or under circumstances where NYSHESC finds it reasonable to conclude that I no longer intend to honor the obligation to repay, provided that my failure persists for (a) 180 days if I repay in monthly installments, or (b) 240 days if I am obligated to repay in installments due less frequently. By default, my lender will ask NYSHESC to purchase my loan, at which time I will owe the entire balance of the loan to NYSHESC directly, and I will be ineligible to receive assistance from any of the following Federal programs. Pell Grant, Supplemental Educational Opportunity Grant, College Work Study, State Student Incentive Grant, Byrd Scholarship, Perkins Loan (formerly called National Direct Student Loan), Guaranteed Student Loans, Supplemental Student Loans (SLS), PLUS Loans, Income Contingent Loans or Consolidation Loans. NYSHESC may disclose to schools I have attended or am currently attending the information about the default. In the event that bankruptcy proceedings are commenced by or against me, I specifically agree to notify NYSHESC of such occurrence in writing within twenty (20) days of the filing of a petition.

**VI. DEFAULT AND LATE CHARGES.** I agree to pay, in the event of default, reasonable attorney's fees plus costs and other charges necessary to collect any amount not paid when due If I fail to make a monthly payment within 10 days of its due date the lender may assess a late charge not to exceed six cents for each dollar of each late installment.

**VII. ADDITIONAL AGREEMENTS.** 1) The proceeds of this loan will be used only for my education expenses at the school indicated in Part B of my application, 2) Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me, 3) Your failure to enforce or insist that I comply with any term of this Note is not a waiver of your rights. No provision of this Note can be waived or modified except in writing, 4) If NYSHESC is required under its guarantee to repay my loan(s) because I have defaulted, NYSHESC will have all rights of the original lender to recover on this Note or under the guarantee; 5) I understand that I must repay this Note even though I may be under 18 years of age; 6) If I am unable to make the scheduled payments for reason of hardship, I may at the discretion of the lender be eligible for forbearance on the repayment of my loan(s) as provided for in the NYSHESC regulations, 7) If I go into default on this loan I agree to be sued in Albany County, New York, 8) In this Note the words, I, me, and my mean the borrower identified in Item 7 of Part A of the Application You, your and yours mean the lender and any other owner of this Note

**VIII. DEFERMENT** You will let me pay interest only (if such interest is not paid by the United States Government) and let me defer making principal payments on this Note provided below if my repayment period has begun, I am not in default, and I can provide you with written evidence that I qualify for the deferment. 1) While I am enrolled a) at a participating school in full time study as determined by that school, however to obtain a deferment to attend a school not located in the United States, I must be a state or national of the United States, or b) in a graduate fellowship program approved by the Secretary of Education or c) in a rehabilitation training program for disabled individuals approved by the Secretary of Education, or d) at a full time student at an institution of higher education or vocational school which is operated by an agency of the United States Government. 2) For periods not exceeding 3 years for each of the following while I am a) on active duty in the Armed Forces of the United States, b) or serving as an officer in the Commissioned Corps of the United States Public Health Service or b) serving as a Peace Corps volunteer or c) serving as a full time volunteer under Title I of

the Domestic Volunteer Service Act of 1973 (e.g. VISTA) or d) providing service as a full time volunteer for an organization exempt from Federal Income Tax under Section 501(c)(3) of the Internal Revenue Code of 1954, which the Secretary of Education has determined is comparable to service performed in the Peace Corps or ACTION program, e) temporarily totally disabled, as established by affidavit of a qualified physician, or f) unable to work because I am providing care required by a spouse or another dependent who is temporarily totally disabled as established by affidavit of a qualified physician, 3) for a period not exceeding 2 years while I am serving an internship that is needed to gain professional recognition required to begin professional practice or service, 4) for a maximum aggregate of twenty four months while I am conscientiously seeking but unable to find full-time employment in the United States, 5) for a period not in excess of six months for parental leave if I am new borrower for a period of enrollment beginning on or after July 1, 1987, or a loan is disbursed on or after July 1, 1987, the following deferments are also available 1) While I am enrolled at a participating school in at least half time study as determined by that school if I obtain a loan under Part B of Title IV of the Higher Education Act during such period of enrollment; 2) for periods not exceeding three years during which I am (a) an active duty member of the National Guard and Atmospheric Administration Corps, or (b) during which I am engaged as a full-time teacher in a public or nonprofit private elementary or secondary school in a teacher shortage area established by the United States Secretary of Education, 3) For a period not in excess of twelve months for mothers of pre school age children entering or re entering the work force and who are compensated at a rate not in excess of $1 00 more than the minimum wage prescribed by Section 6 of the Fair Labor Standards Act of 1938; 4) Periods not exceeding 2 years during which I am serving in an internship or residency program leading to a degree or certificate awarded by an institution of higher education, a hospital, or a health care facility that offers postgraduate training.

**IX. REPAYMENT** I will repay the total amount of this Promissory Note with interest in periodic installments unless the whole loan becomes due and payable as described in Paragraph II. "Date Note Comes Due" for Paragraph V. "Default". I agree to immediately notify in writing the lender or NYSHESC when I leave school, drop to less than half-time, or fail to enroll for the academic period in the school for which the loan was made. I understand you will send to me a Repayment Schedule which shows the particular repayment terms that will become part of this Promissory Note. The Repayment Schedule may include all loans I have received from you under the NYSHESC GSL or SLS/ALAS Program. I understand that this is not a demand instrument and my obligation to begin timely repayment of principal and interest will not be forgiven for any reason, including lender or NYSHESC error except upon consent of NYSHESC.

The Repayment Schedule will require me to make monthly payments for a period of not less than 5 nor more than 10 years after this Note becomes due and counting periods for which I am granted any authorized deferment defined in Deferment Paragraph VIII, or forbearance. At my option I may agree to a repayment period that is shorter than 5 years, however, I may at a later time have the repayment period extended so that the total payment period is not less than 5 years. On loans disbursed on or after October 1, 1984 the total payments for any year of the repayment period on all loans received under Title IV Part B of the Higher Education Act of 1965 as amended shall not be less than $600 per year except if my spouse or any loan under such loan program (or their spouse) also has such loans plus accrued interest if less than $600) even though this may result in a payment period of less than 5 years.

**X. PREPAYMENT** I may at my option and without penalty all or any part of the principal or accrued interest of this loan at any time, if I make a prepayment the amount of any estimated interest that I owe will be recalculated and I will be given credit for the over payment.

**XI CREDIT BUREAU NOTIFICATION** I understand that you will report to consumer reporting agencies the following information concerning this loan, 1) the amount of loans made to me under this loan program, 2) the outstanding balance of loans, 3) information concerning the date and amount of any disbursements, 4) other information including the status of any defaulted loan upon default, 5) if default on this loan, the lender, holder or NYSHESC will also report (a) default in this loan to credit bureau organizations. This may significantly and adversely affect my ability to obtain other credit. My lender, holder or NYSHESC must make report at least 30 days in advance so that information about the default will be disclosed to credit bureau organizations. I enter into repayment on the loan within the 30 days, 3) the date of cancellation of the loan for any reason as established by law for such cancellation including death, permanent and total disability, and bankruptcy. The lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization about the accuracy and completeness of information reported about me.

## BORROWER CERTIFICATION.

I declare under penalty of law that the information contained in Part A of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any school that I may attend to release to the lending institution, subsequent holder, NYSHESC, U.S. Department of Education, or their agents any requested information pertinent to this loan (e.g. employment, enrollment status, current address). I agree that the proceeds of any loan made as a result of this application will be used for educational expenses for the loan period covered by this application at the school named in Part B. I understand that I must immediately repay any refunds that I receive which cannot be attributed to meeting my educational expenses related to attendance at that loan period stated in Item 23 of this application or which are in excess of the or aggregate loan amounts established by Part B of Title IV of the Higher Education Act of 1965, as amended. I further certify that I do not owe a refund on a Pell Grant, Supplemental Grant or State Student Incentive Grant or Byrd Scholarship and I am not now in default on a Perkins Loan (National Direct Student Loan) or a Guaranteed Student Loan, or a federally insured Student Loan or a PLUS or SLS/ALAS loan, Income Contingent Loan or Consolidation Loan. I further authorize any lending institution to make any check for the proceeds of my loan jointly payable to me and the school named in Part B of this application, unless I am attending a foreign school, in which case the check will be made payable only to me. I have read and understand the "Statement of Borrower's Rights and Responsibilities" supplied with this application.

I understand that I will receive a Notice of Loan Guarantee and Disclosure Statement that identifies my loan amount, the fee amounts, due dates, and grace period.

**NOTE TO STUDENT: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATIONS.**

From: 03/13/2017 11:12

WASHINGTON AVENUE, ALBANY, NEW YORK 12255

who knowingly makes a false statement or misrepresentation on this form is
punishable as which include fines or imprisonment under the U.S. Criminal Code and USC 1097

**PLETED BY STUDENT** IMPORTANT TURN OVER AND READ INSTRUCTIONS CAREFULLY BEFORE COMPLETING PRINT CAREFULLY

| HESC USE ONLY | 2. Birth date | 3 Area Code/Phone Number | 4. U.S Citizenship Status |
| | Mo Day Yr | | 1 ☒ Citizen 2 ☐ Eligible Non citizen |

5 Have you been a legal resident of NYS for
12 months immediately prior to the beginning
of the academic period of this loan?    ☒ YES 2 ☐ NO

6 Period Covered by this loan
From |09 88| To |04 89|

Alien Registration Number

7 Name (Last) Raimondi (First) John (M.I.) D

RECEIVED
AUG 10 1988
STUDENT LOAN
OPERATIONS

1. Are You Applying For (Check One)
☐ GSL ONLY ☐ GSL AND SUS(ALAS) ☐ SUS(ALAS) ONLY

10 REQUESTED LOAN AMOUNT
$ 2625

11 Do you currently have a student loan guaranteed by New York State? (NYHEAC or NYSHESC) 1 ☐ Yes 2 ☒ No

12 Have you received a Guaranteed Student Loan or SLS(ALAS) Loan from another State or Agency?
1 ☐ Yes 2 ☒ No
If the answer is yes complete these boxes
If the answer is no proceed to item 13

Name of State or Agency owed from other State or Agency during this academic period | Total Amount owed | Interest Rate

GSL
SLS (ALAS)

13 Lender Name & Address

REFERENCES - (REFER)

14 Name Rosemarie Raimondi

Address
State
Relationship
Employer

15 Name Diane Puzziferri

Address
State
Relationship
Employer

Nearest Living Adult Relative Not Residing at Address in item 14

**Promissory Note for a Student Loan Guaranteed by NYSHESC**

I. Promise to Pay I, the undersigned borrower, promise to pay to the lending institution, indicated above, or to the holder(s) of this note when repayment becomes due as set forth in Paragraph II all sums advanced to me or for my credit under this contract (hereinafter loan or loans) plus interest as set forth in Paragraph III and any other charges which may become due as provided in Paragraph VI. If I fail to pay any of these amounts when they are due, I will pay all charges and other costs including the fees of an outside attorney and court costs that are permitted by Federal law and regulations for the collection of this loan, which the holder(s) incur in collecting this loan (See Paragraphs II, III VI on the other side )

Advances against this note granted hereunder will be made only upon my application and at such times and in such amounts as authorized by law. Upon approval of each loan advance I will be provided with a disclosure notice containing the amount then advanced, the total advanced to date, the interest rate and other relevant terms. My signature certifies that I have read, understand and agree to the conditions and authorizations in the "Borrower Certification" printed on the reverse side.

NOTICE TO STUDENT.
Terms of the Promissory Note continue on the reverse side

**TO BE COMPLETED BY SCHOOL**

19 NYSHESC SCHOOL CODE 7430000

19 NAME OF SCHOOL SUBURBAN TECHNICAL SCHOOL, INC.
ADDRESS Street 175 FULTON AVENUE
State HEMPSTEAD, N.Y. 11550 Zip No

20 ANTICIPATED DATE OF PROGRAM COMPLETION
Mo Year 09 89

21 SLS ELIGIBLE School Cert 1 ☐ YES 2 ☒ NO

22 CLASS YEAR (Check only one)
Undergraduate or equivalent
1 ☐ 2 ☒ 3 ☐ 4 ☐ 5 ☐
Graduate or Professional
6 ☐ 7 ☐ 8 ☐ 9 ☐

(516) 481-5550
From 09 88 To 04 89

23 ACADEMIC PERIOD OF LOAN (Use Numbers)
Month Year

24 Adjusted Gross Income $ 12722

25 Estimated Cost of Attendance for Loan Period $ 9310

26 Estimated Financial Aid for Loan Period $ 2550

27 Expected Family Contribution $ 700

28 Enrollment Status
1 ☒ Full Time 2 ☐ Half Time

My signature certifies that I have read and agree to the conditions given in the School Certification printed on the Reverse side of this application

SIGNATURE OF AUTHORIZED SCHOOL OFFICIAL
PRINT OR TYPE NAME AND TITLE ANNETTE KEYES PhD

31 DATE Mo 08 Day 03 Yr 88

**TO BE COMPLETED BY LENDER**

32 NYSHESC LENDER CODE

33 LENDER NAME ADDRESS AND TELEPHONE NUMBER
CHEMICAL BANK
300 JERICHO QUADRANGLE, 1st FLOOR
JERICHO, NY 11753

35 AMOUNT LENDER APPROVES $ 2625

34 SIGNATURE OF AUTHORIZED LENDING OFFICIAL
Wendy Gordin
PRINT OR TYPE NAME AND TITLE Wendy Gordin ASST VICE
Date 08 12 95

LENDER COPY (ORIGINAL)

From:                   03/13/2017   11:13

## ADDITIONAL TERMS OF THE PROMISSORY NOTE FOR A STUDENT LOAN GUARANTEED BY NYSHESC

**II DATE NOTE COMES DUE** I will repay this loan in periodic installments during a repayment period that will be begun no late than the end of my grace period on a GSL or immediately on an SLS loan (formerly ALAS). F.S loans will not be eligible for a grace period or 2) in full immediately if I fail to enroll and attend the school which granted the application for the academic period intended; 3) immediately in full, if this loan was made or guaranteed in error or in reliance upon a false statement. My grace period on a GSL is that period of time which begins when either I leave school or I stop carrying at an eligible school approved by the United States Department of Education or cease and halt the normal full-time academic work load required by the school. The Notice of Loan Guarantee and Disclosure Statement will identify the length of my grace period if any. During the grace period I may request that the grace period be shortened and the repayment period begin earlier.

**III INTEREST** I agree to pay interest at the rate established by law on the unpaid principal balance from the day you advance the loan until paid in full, with the understanding that you will not attempt to collect from me any interest payable on my behalf by the state or federal governments. The loan disclosure statement which will be sent to me upon loan approval will identify the rate of interest and what the government will pay on, and if on me? I understand that this application may be used for both GSL and SLS loans, that the interest terms for such loans are different, and the different rate according to the following rates established by law: 1) GSL if I have GSL loans currently outstanding, the interest rate will be the same as on my outstanding GSL loans (7%, 8% or 9%). If I have no GSL loans outstanding, the interest rate on this loan will be 8%. If I hav... no GSL loans outstanding and this loan is made for a period of enrollment beginning on or after July 1, 1988 the interest will increase from 8% to 10% after the fourth year of the repayment period 2) SLS (formerly ALAS). The interest rate on the SLS loan will vary annually every July 1 but, to no event, will the rate exceed twelve percent. At the option of the lenders... the amount of the monthly payment or the length of the repayment period will be adjusted in order to reflect changes in the interest rate in subsequent years.

I will pay interest as part of my regular monthly payment, or quarterly or by capitalization during in school and deferment periods of the government does not pay it for me. Capitalization means adding interest I owe to that to principal. If the government pays the interest while I am in school, then it will also pay the interest during periods of deferment described under paragraph VIII of this note.

**IV ORIGINATION AND INSURANCE FEES** I will pay you an origination fee on a GSL as authorized by federal law not to exceed the amount identified on the Notice of Loan Guarantee and the closure statement. I will pay to the lender an amount equal to the fee that the lender is required to pay to the guarantee agency to obtain insurance coverage on this loan. If the lender does not withhold this premium from the principal amount of the loan and I have not already paid the premium, I will pay the premium when the lender bills me separately for it. The origination fee and the insurance premium may both be deducted from the proceeds of my loan. If the event of a multiple disbursement the insurance premium will be deducted proportionally.

**V. DEFAULT** Default occurs when I fail to make an installment payment when due, or to follow the terms of the Application and Promissory Note, or under circumstances where NYSHESC finds that I deliberately (1) constantly shall no longer intend, or honor the obligation to repay, or realize that my failure persists for sixty (60) days if I repay in monthly installments or (b) 24 days if I am obligated to repay in installments but less frequently. If I default, you and/or NYSHESC to purchase my loan, at which time I will pay the future balance on the loan to NYSHESC directly, and I will be eligible to receive assistance from any of the following Federal programs. Pell Grant, Supplemental Educational Opportunity Grant, College Work Study, State Student Incentive Grant, Byrd Scholarship, Perkins Loan (formerly called National Direct Student Loan), Guaranteed Student Loans, Supplemental Student Loans (SLS), PLUS Loans. Income Contingent Loans or Consolidation Loans. NYSHESC may disclose to schools I have attended or are currently attending the information about the default. In the event that bankruptcy proceedings are commenced by or against me, I acknowledge agree to notify NYSHESC of such occurrence in writing within twenty (20)-days of the filing of a petition.

**VI. DEFAULT AND LATE CHARGES** I agree to pay in the event of default reasonable attorney's fees plus costs and other charges necessary to collect any amount not paid when due. If I fail to make a monthly payment within 10 days of its due date the lender may assess a late charge not to exceed six cents for each dollar of each late installment.

**VII. ADDITIONAL AGREEMENTS** 1) The proceeds of this loan will be used only for my education expenses at the school indicated. 2) If any of my lender... Any are required to be given to me will be effective once mailed to me at the last address you have for me. 3) Your failure to enforce any right I may enjoy under the terms of this note is not a waiver of your rights. No provision of this note can be waived except in writing. 4) If NYSHESC is required under its guaranty to repay my loan because I have defaulted, NYSHESC and I have all rights of the prior holder to enforce on its stoke, I under the guarantee. 5) I understand that if I apply for a loan under the Higher Education Act as provided for in the NYSHESC and I agree to defend in this... as I am in Albany County New York. 6) If this Note... so I, an... I agree the borrower identified in item J of Part A of this application, or on your behalf, and I agree...

**VIII. DEFERMENT** You will be entitled to a deferment... while principal payments on this loan are made if not paid by the United States Governments and I... while making principal payments on this loan as long as I believe if my repayment amount of 1) I can provide you with... satisfactory evidence that I qualify for a deferment. 1) full-time study as determined by the school for which I obtain a deferment or which I am enrolled as... in the United States. 1) for a graduate/in an... program approved by the Secretary of Education or in the... training program for graduates qualified to provide... by Secretary of Education... at an institution of higher education... approved... on agency of the United States Government. 2) For up to six years, serving 3 years in full-time duty as a member of the Armed Forces of the U.S. as a member of the... Corps of the United States or Public Health Service...

the Domestic Volunteer Service Act of 1973 (e.g. VISTA) or d) providing service as a full time volunteer for an organization exempt from Federal income tax under Section 501(c)(3) of the Internal Revenue Code of 1954 which the Secretary of Education has determined is comparable to service performed in the Peace Corps or ACTION program, e) temporarily totally disabled, as established by affidavit of a qualified physician, or f) unable to work because I am providing care required by a spouse or another dependent who is temporarily totally disabled as established by affidavit of a qualified physician, 3) for a period not exceeding 2 years while I am serving an internship that is needed to gain professional recognition required to begin professional practice or service. 4) for a maximum aggregate of twenty four months while am conscientiously seeking but unable to find full time employment in the United States. 5) For a period not in excess of six months for parental leave. If I am new borrower for a period of enrollment beginning on or after July 1, 1987, or a loan is disbursed on or after July 1, 1987, the following deferments are also available. 1) While I am enrolled at a participating school in at least half-time study as determined by that school if I obtain a loan under Part B of Title IV of the Higher Education Act during such period of enrollment, 2) for periods not exceeding three years during which I am (a) an active duty member of the National Oceanic and Atmospheric Administration Corps, or (b) during which I am engaged as a full-time teacher in a public or nonprofit private elementary or secondary school in a teacher shortage area established by the United States Secretary of Education, 3) for a period not in excess of twelve months for mothers of pre-school age children entering or re-entering the work force and who are compensated at a rate not in excess of $1.00 more than the minimum wage prescribed by Section 6 of the Fair Labor Standards Act of 1938, 4) Periods not exceeding 6 years during which I am serving in an internship or residency program leading to a degree or certificate awarded by an institution of higher education, a hospital, or a health care facility that offers postgraduate training.

**IX REPAYMENT** I will repay the total amount of this Promissory Note with interest in periodic installments unless the whole loan becomes due as explained in Paragraph II, "Date Note Comes Due" or Paragraph V. I agree to repay my loan monthly to whoever the funder or NYSHESC when I leave school or stop... I fail to enroll for the academic period at the school for which... or if you determine that you advanced to me a Repayment Schedule which sets the parameters... will become part of this Promissory Note. If the... School or... agency... if the agreed instrument and any information to be given to me... be forgiven for any period in which I am... and except where I fail...

The Repayment Schedule... I must repay the entire amount... than 5 years and... repay the... an optional any such... My option I may agree to a repayment period... not less than 5 years. However, I may at a later date have my repayment period extended... I will not... if the repayment period is not less than 5 years. On loans disbursed on or after October 1, 1981 the total payments for any year of the repayment period of all loans covered under Title IV, Part B of the Higher Education Act of 1965 as amended shall not be less than $600 per year including payments by my spouse on any loan under such loan programs or the balance of all such loans plus accrued interest if less than $600 per year. I will repay a repayment period shorter than 5 years.

**X. PREPAYMENT** I may, at my option, pay without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**XI CREDIT BUREAU NOTIFICATION** Pursuant to law you will report the following information concerning this loan to credit reporting agencies: 1) the total amount of loans made to me and 2) that part and the remaining balance of the loans. 2) Information concerning the date and amount of any default and subsequent collection activity including the status of any defaulted loan upon which payments have been made. 3) If default on this loan, the lender or NYSHESC will also report the default to one or more credit bureau organizations. This may significantly and adversely affect my ability to obtain other credit. My lender, holder or NYSHESC must notify me at least 30 days in advance that information about the default will be disclosed to credit bureau organizations, unless I enter into repayment on the loan within the 30 days. 3) the date of cancellation of the loan for any reason established by law for such cancellation including death, permanent and total disability, and bankruptcy. The lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization about the accuracy and completeness of information reported about me

## BORROWER CERTIFICATION.

I declare under penalty of law that the information contained in Part A of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school to pay to the lender any rebate which may be due me up to the amount of this loan. I further authorize any school that I may attend to release to the lending institution, subsequent holder, NYSHESC, U.S. Department of Education, or their agents any requested information pertinent to this loan (e.g. employment, enrollment status, current address). I agree that the proceeds of any loan made as a result of this application will be used for educational expenses for the loan period covered by this application at the school named in Part B; I understand that I must immediately repay any refunds that I receive which cannot reasonably be attributed to meeting any educational expenses related to attendance at that school for the loan period stated in item 23 of this application or which are in excess of the maximum amount or aggregate loan amounts established by Part B of Title IV of the Higher Education Act of 1965 as amended. I further certify that I do not owe a refund on a Pell Grant Supplemental Educational or State Student Incentive Grant or Byrd Scholarship and I am not in default on a Perkins Loan (NDSL), Direct Student Loan or a Guaranteed Student Loan or a Federally Insured Student Loan or a PLUS or SLS/ALAS loan (including Contingent Loan or Consolidation Loan). I further authorize my lending institution to make any check for... educational expenses... in favor of... and... I acknowledge receiving a copy of all materials that I signed. If... understand... and... the terms... disclosed... made applicable to me and... I understand... Statement... Promissory Note and... Agreements, together with this Statement.

I understand that I have a right to... (and) Disclosure and Promissory Statement in the accessory law upon the... Agreed... and... and...

*BY YOUR SIGNATURE... THE OTHER SIDE OF THIS APPLICATION... AGREE...
TO THE ABOVE TERMS AND CERTIFICATIONS.*